### In re GIRVIN.

(District Court, N. D. New York. March 12, 1908.)

BANKRUPTCY—CLAIMS—ASSUMED DEBT.

Where a bankrupt for a valuable consideration assumed payment of certain notes, his estate was liable for the entire debt, notwithstanding the holder might also have enforced payment against another.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 476.]

In Bankruptcy. Appeal from order of referee allowing claim of Warren H. Girvin at $6,000, besides interest.

Edward F. Shea, for trustee.
Edwin Nottingham, for claimant.

RAY, District Judge. As the bankrupt, James E. Girvin, duly and for a valuable consideration assumed the payment of this indebtedness, his estate is liable therefor. While Mary S. Walrath, as executrix of C. A. Walrath, deceased, may be liable to Warren H. Girvin on one of the notes, and individually on the others, still, as James E. Girvin assumed the payment of all the notes, Warren H. Girvin may pursue his estate in bankruptcy, or Walrath, as he elects. Should he pursue Walrath and collect, she could then pursue the estate of James E. Girvin, but for the fact the year in which claims are to be proved has elapsed. If there were any equities in the transaction demanding that the claimant first pursue Walrath, the case would be different. There is no pretense the estate of Girvin is not ultimately liable for the entire claim. There is no pretense of a defense as against Walrath, had she paid the notes and presented her claim against the estate in bankruptcy under Girvin's agreement to pay the notes. There is no occasion for the application and enforcement of the equitable doctrine that where two parties are liable for a debt, and there is a fund for its payment out of which one can reimburse himself, but the other cannot, the one who has such right of reimbursement should first be compelled to pay, as there is no such fund and no recourse for either. As be-

tween the claimant and this estate, the estate is liable, and as between Walrath, should she pay, and the estate of Girvin, the estate is liable. The estate in bankruptcy is liable for the whole amount in any event.

The order of the referee, allowing the claim, is therefore affirmed.